STATE OF NORTH CAROLINA v. CHRIS WILLIAMS

No. COA01-1400

(Filed 17 September 2002)

**1. Assault— habitual misdemeanor assault—no accompanying indictment**

An indictment did not sufficiently charge defendant with the felony of habitual misdemeanor assault where the indictment only charged assault on a female and there was no accompanying indictment as required by N.C.G.S. § 15A-928(b). There was no jurisdiction for the felony charge without a valid indictment and, even though defendant failed to move to dismiss, the appropriate action when the record shows a lack of jurisdiction is to vacate or arrest judgment.

**2. Appeal and Error— preservation of issues—failure to object at trial—failure to argue plain error**

Defendant did not preserve for appellate review an issue regarding the judge's pre-trial remarks where defendant failed to object at trial and did not raise plain error in his assignments of error or argue plain error in his brief.

Appeal by defendant from a judgment entered 17 April 2001 by Judge William C. Griffin, Jr. in Pasquotank County Superior Court. Heard in the Court of Appeals on 22 August 2002.

**STATE v. WILLIAMS**

[153 N.C. App. 192 (2002)]

*Attorney General Roy Cooper, by Assistant Attorney General Mary Penny Thompson, for the State/Appellee.*

*Paul Pooley, for Defendant/Appellant.*

TYSON, Judge.

Chris Williams ("defendant") appeals from a judgment entered after a jury convicted him of assault on a female and felonious habitual misdemeanor assault. We vacate defendant's conviction of felonious habitual misdemeanor assault because a special accompanying indictment was required and not rendered. We remand for entry of judgment on defendant's conviction of assault on a female.

## I. Facts

The State's evidence tended to show that on 28 July 2000, defendant appeared at the home of Jennifer Bacon at 9:00 a.m. He knocked at her door and asked for a cigarette. Ms. Bacon knew defendant as she often saw him at the local Citgo convenience store where she would speak to him and give him cigarettes or spare change. Ms. Bacon agreed to give defendant a cigarette.

While Ms. Bacon went to get a cigarette, defendant stepped into her home. According to Ms. Bacon, defendant proposed that he and Ms. Bacon engage in sexual intercourse. Ms. Bacon testified that defendant then assaulted her by wrapping his arms around her, kissing her cheek and grabbing her buttocks. Defendant testified and denied these allegations stating that he did not have the chance to do anything because Ms. Bacon shoved him out the door.

Ms. Bacon reported the incident to the police later that day, and defendant was questioned. Defendant was indicted on 16 October 2000, and a warrant for his arrest was issued the same day.

A bifurcated trial was held for the State to initially prove the crime of assault on a female and subsequently to prove the felony of habitual misdemeanor assault. While giving the jury a summary of the case before the trial for assault on a female, the judge characterized the charge as "feloniously assaulting Jennifer Bacon, a female, by kissing her on the cheek and grabbing her by the buttocks against her will, he then [a] male being over 18." At the close of evidence, the court instructed the jury on the elements of assault on a female. The jury rendered a guilty verdict.

The trial then moved to the felony of habitual misdemeanor assault phase. An assistant county clerk of court testified that defendant had been convicted of second degree trespass and resisting arrest on 13 March 1997 as well as assault on a government official on 15 October 1992. She further attested to defendant's guilty pleas of (1) disorderly conduct on 27 May 1993, (2) second degree trespass on 11 January 1994, and (3) simple assault on 18 June 1992. A probation officer's testimony connected defendant to the certified judgments already in evidence. The court instructed the jury on the felony of habitual misdemeanor assault. The jury returned a verdict of guilty on that charge. Defendant appeals.

## II. Issues

Defendant assigns as error that the trial court: (1) lacked jurisdiction to sentence defendant for felonious habitual misdemeanor assault where the indictment only charged assault on a female and (2) erred under N.C.G.S. § 15A-1213 in describing the offense with which defendant was charged as "felonious assault".

## III. Jurisdiction

[1] Defendant contends that the trial court lacked jurisdiction to sentence him for the felony of habitual misdemeanor assault where the indictment only charged assault on a female. Defendant argues that this discrepancy makes the indictment invalid, and that an invalid indictment robs the trial court of jurisdiction.

A valid indictment is a predicate for jurisdiction. *State v. McBane*, 276 N.C. 60, 65, 170 S.E.2d 913, 916 (1969). It is generally prejudicial error for a trial judge to permit a jury to convict on a theory not supported by the bill of indictment. *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980). An indictment is insufficient if it does not accurately and clearly allege all the essential elements of the charged offense. *State v. Perry*, 291 N.C. 586, 592, 231 S.E.2d 262, 266 (1977) (citations omitted).

We hold that the indictment was insufficient to charge defendant with the felony of habitual misdemeanor assault. N.C.G.S. § 15A-928(b) (2001) requires a "special accompanying indictment" for a charge which requires conviction on a lesser charge unless the prosecutor incorporates a separate count into the principal indictment. *See State v. Sullivan*, 111 N.C. App. 441, 442-44, 432 S.E.2d 376, 377-78 (1993). The absence of any indictment alleging violation of

N.C.G.S. § 14-33.2, habitual misdemeanor assault, renders the principal indictment in this case one which charged defendant with only the misdemeanor of assault on a female. Without a valid indictment, there was no jurisdiction for the felony charge.

The issue of a variance between the indictment and proof is properly raised by a motion to dismiss. *State v. Baldwin*, 117 N.C. App. 713, 717, 453 S.E.2d 193, 195, *cert. denied*, 341 N.C. 653, 462 S.E.2d 518 (1995) (citing *State v. Waddell*, 279 N.C. 442, 183 S.E.2d 644 (1971)). Defendant failed to move to dismiss. Assignments of error for appellate review must be preserved at trial. N.C.R. App. P. 10(b)(1). At bar, the felony conviction fails not because of a mistake in citation causing a variance between the proof and indictment, but rather because of the lack of a substantive element of the State's prima facie case for the felony of habitual misdemeanor assault. " 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' " *State v. Petersilie*, 334 N.C. 169, 175-76, 432 S.E.2d 832, 836 (1993) (quoting *State v. Felmet*, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981)). The indictment sufficiently charged defendant with assault on a female but not with the felony of habitual misdemeanor assault.

## IV. Prejudicial Error in the Judge's Pre-trial Remarks

[2] Defendant alleges prejudicial error for the trial judge to denominate the charge a "felonious assault" when summarizing the case in his pre-trial remarks made before the jury was impaneled. This remark was made before the trial began and before the bifurcation of the trial. After the jury was impaneled, the State referred to the charge simply as "assault." The judge properly instructed the jury on the charge of assault on a female during the first phase of the trial. The only mention of "felony" during the assault phase of the trial was when defendant testified to having been charged with a felony.

Defendant failed to preserve this assignment of error. Defendant failed to object at trial. Error may not be asserted upon appellate review unless the error has been brought to the trial court's attention by motion or objection. *State v. Choppy*, 141 N.C. App. 32, 37-38, 539 S.E.2d 44, 48 (2000), *disc. review denied*, 353 N.C. 384, 547 S.E.2d 817 (2001). Where no objection is made, defendant carries the burden of establishing the right to review. *Choppy*, 141 N.C. App. at 38, 539 S.E.2d at 48.

Defendant also failed to assign plain error. Plain error is fundamental error amounting to a denial of the accused's basic rights. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). Defendant must "specifically and distinctly" contend in his brief and argue in his assignments of error that an error amounted to plain error. *State v. Nobles*, 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999) (citing N.C.R. App. P. 10(c)(4), 28 (a),(b)(5)).

Here, defendant did not raise plain error in his assignments of error or argue plain error in his brief. The issue was not preserved or argued and is not reviewable by this Court.

We find error in the indictment charging habitual assault as invalid due to lack of a special accompanying indictment as required by N.C.G.S. § 15A-928(b). We vacate defendant's conviction of the felony of habitual misdemeanor assault, and remand for entry of judgment on defendant's conviction for assault on a female.

Judgment vacated and remanded for entry of judgment for defendant's conviction of assault on a female.

Judges MARTIN and THOMAS concur.