ELMORE, Judge.
 

 *766
 
 Defendant argues on appeal that the indictment against her was fatally defective because it failed to comply with the requirements set forth in N.C. Gen.Stat. § 15A-928. Defendant's petition for
 
 certiorari
 
 is allowed by this Court so that we may review the judgment entered. In accordance with
 
 State v. Williams,
 

 153 N.C.App. 192
 
 ,
 
 568 S.E.2d 890
 
 (2002), we hold that the indictment was insufficient to confer jurisdiction upon the trial court. We vacate defendant's conviction for habitual misdemeanor larceny and remand for entry of judgment and sentence for misdemeanor larceny.
 

 I. Background
 

 On 22 July 2013, a Catawba County Grand Jury indicted Sandra Meshell Brice (defendant) on one count of "habitual misdemeanor
 
 *767
 
 larceny" for stealing five packs of steaks valued at $70.00. The indictment alleged:
 

 that on or about [21 April 2013] and in [Catawba County] the defendant named unlawfully, willfully, and feloniously did steal, take, and carry away FIVE PACKS OF STEAKS, the personal property of FOOD LION, LLC, such property having a value of SEVENTY DOLLARS ($70.00), and the defendant has had the following four prior larceny convictions in which he was represented by counsel or waived counsel:
 

 On or about MAY 8, 1996 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about SEPTEMBER 10, 1996 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Lincoln County, North Carolina; and that
 
 *814
 
 On or about FEBRUARY 19, 1997 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, GS. 14-72, and on or about JULY 29, 1997 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina; and that
 

 On or about JUNE 13, 2003 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about OCTOBER 17, 2003 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina; and that
 

 On or about JULY 7, 2007 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about SEPTEMBER 24, 2007 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina.
 

 At the beginning of trial, defendant stipulated to four prior misdemeanor larceny convictions outside the presence of the jury. The trial court informed counsel that it intended to proceed as if the trial was for misdemeanor larceny. The court also informed the jury that defendant had been charged "with the offense larceny."
 

 *768
 
 At the conclusion of trial, the jury found defendant guilty of larceny. The court entered judgment against defendant for habitual misdemeanor larceny, and sentenced defendant to ten to twenty-one months of imprisonment, suspended for twenty-four months of supervised probation, and a seventy-five-day active term as a condition of special probation. Defendant appeals.
 

 II. Discussion
 

 Defendant argues that the trial court lacked jurisdiction to enter a judgment for habitual misdemeanor larceny because the indictment was fatally defective in that it failed to comply with the mandates of N.C. Gen.Stat. § 15A-928. Although defendant failed to challenge the sufficiency of the indictment in the trial court, "where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court."
 
 State v. Wallace,
 

 351 N.C. 481
 
 , 503,
 
 528 S.E.2d 326
 
 , 341 (citations omitted),
 
 cert. denied,
 

 531 U.S. 1018
 
 ,
 
 121 S.Ct. 581
 
 ,
 
 148 L.Ed.2d 498
 
 (2000),
 
 reh'g denied,
 

 531 U.S. 1120
 
 ,
 
 121 S.Ct. 872
 
 ,
 
 148 L.Ed.2d 784
 
 (2001). Therefore, we address defendant's argument on the merits.
 

 A valid indictment is required to confer jurisdiction upon the trial court.
 
 State v. Covington,
 

 258 N.C. 501
 
 , 503,
 
 128 S.E.2d 827
 
 , 829 (1963) ;
 
 State v. Morgan,
 

 226 N.C. 414
 
 , 415,
 
 38 S.E.2d 166
 
 , 167 (1946). " 'When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority.' "
 
 State v. Petersilie,
 

 334 N.C. 169
 
 , 175,
 
 432 S.E.2d 832
 
 , 836 (1993) (quoting
 
 State v. Felmet,
 

 302 N.C. 173
 
 , 176,
 
 273 S.E.2d 708
 
 , 711 (1981) ). Challenges to the sufficiency of an indictment are reviewed
 
 de novo.
 

 State v. Pendergraft,
 

 238 N.C.App. 516
 
 , ----,
 
 767 S.E.2d 674
 
 , 679 (2014) (citing
 
 State v. Marshall,
 

 188 N.C.App. 744
 
 , 748,
 
 656 S.E.2d 709
 
 , 712 (2008) ).
 

 In trials in superior court where a defendant's prior convictions are alleged as part of a charged offense, the pleading must comply with the provisions of section 15A-928. N.C. Gen.Stat. § 15A-924(c) (2015). Section 15A-928 provides, in pertinent part, as follows:
 

 (a) When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter,
 
 an indictment or information for the higher offense may not allege the previous conviction
 
 ....
 

 (b) An indictment or information for the offense must be accompanied by a special indictment or information, filed
 
 *769
 
 with the principal pleading, charging that the defendant was previously convicted of a specified offense.
 
 At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count
 
 ....
 

 ....
 

 (d) When a misdemeanor is tried de novo in superior court in which the fact of a
 
 *815
 
 previous conviction is an element of the offense affecting punishment,
 
 the State must replace the pleading in the case with superseding statements of charges separately alleging the substantive offense and the fact of any prior conviction, in accordance with the provisions of this section relating to indictments and informations.
 

 N.C. Gen.Stat. § 15A-928(a), (b) & (d) (2015) (emphasis added).
 

 Turning to the offenses at issue, larceny is punishable as a Class 1 misdemeanor where the value of the property stolen is not more than $1,000.00. N.C. Gen.Stat. § 14-72(a) (2015). If, however, at the time of the offense the defendant had four prior larceny convictions, then the offense is punishable as a Class H felony. N.C. Gen.Stat. § 14-72(a) & (b)(6) (2015). In such a case, the defendant's prior convictions are treated as elements to elevate the principal offense from a misdemeanor to a felony. Therefore, an indictment for habitual misdemeanor larceny is subject to the provisions of N.C. Gen.Stat. § 15A-928.
 

 On its face, the indictment here failed to comply with N.C. Gen.Stat. § 15A-928. The State used the instrument to charge defendant with habitual misdemeanor larceny and to list defendant's prior convictions. Although section 15A-928(b) allows the State to incorporate "the special indictment or information" into the principal indictment, defendant's prior convictions were not alleged in a separate count. Rather, the sole indictment issued in this case lists a single count of "habitual misdemeanor larceny," alleging defendant's prior convictions thereafter.
 

 Nevertheless, the State cites
 
 State v. Jernigan,
 

 118 N.C.App. 240
 
 ,
 
 455 S.E.2d 163
 
 (1995), for the proposition that errors under section 15A-928 are not reversible unless the defendant was prejudiced. In
 
 Jernigan,
 
 the trial court failed to arraign defendant in accordance with N.C. Gen.Stat. § 15A-928(c), as it "did not formally arraign defendant upon the charge alleging the previous convictions and did not advise defendant that he could admit the previous convictions, deny them, or
 
 *770
 
 remain silent...."
 

 Id.
 

 at 243
 
 ,
 
 455 S.E.2d at 165
 
 . Before trial, however, defendant stipulated to his previous convictions which were set forth in the indictment.
 

 Id.
 

 at 243-44
 
 ,
 
 455 S.E.2d at 165-66
 
 . We held that the trial court's failure to follow the arraignment procedures under section 15A-928(c) was not reversible error because it was "clear that defendant was fully aware of the charges against him, that he understood his rights and the effect of the stipulation, and that he was in no way prejudiced by the failure of the court to formally arraign him and advise him of his rights."
 

 Id.
 

 at 245
 
 ,
 
 455 S.E.2d at 167
 
 .
 

 While the State's argument under
 
 Jernigan
 
 is persuasive, its proposition fails because a formal arraignment under section 15A-928(c) is not a matter of jurisdictional consequence. In
 
 State v. Williams,
 

 153 N.C.App. 192
 
 ,
 
 568 S.E.2d 890
 
 (2002),
 
 disc. review improvidently allowed,
 

 357 N.C. 45
 
 ,
 
 577 S.E.2d 618
 
 (2003), we held that where the State failed to charge the defendant with habitual misdemeanor assault in a special indictment or separate count of the principal indictment, in accordance with section 15A-928(b), the trial court was without jurisdiction to sentence defendant for habitual misdemeanor assault.
 
 Id.
 
 at 194-95,
 
 568 S.E.2d at 892
 
 . Despite this Court's previous decision in
 
 Jernigan,
 
 no showing of prejudice was required to vacate the judgment in
 
 Williams.
 
 We believe
 
 Williams
 
 controls the disposition
 
 sub judice.
 

 III. Conclusion
 

 Because the indictment did not comply with the requirements of N.C. Gen.Stat. § 15A-928 regarding indictments and informations, the trial court was without jurisdiction to enter judgment against defendant for habitual misdemeanor larceny. We vacate defendant's conviction and remand for entry of judgment and sentence on misdemeanor larceny.
 
 See
 

 Williams,
 

 153 N.C.App. at 196
 
 ,
 
 568 S.E.2d at 893
 
 (remanding for entry of judgment on misdemeanor assault on a female).
 

 VACATED AND REMANDED. NEW SENTENCING.
 

 Judges HUNTER, JR. and DAVIS concur.