IN THE SUPREME COURT OF NORTH CAROLINA

No. 244PA16

Filed 3 November 2017

STATE OF NORTH CAROLINA

v.

SANDRA MESHELL BRICE

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 786 S.E.2d 812 (2016), vacating and remanding a judgment entered on 12 February 2015 by Judge Michael D. Duncan in Superior Court, Catawba County.  Heard in the Supreme Court on 30 August 2017.

*Joshua H. Stein, Attorney General, by Kristin J. Uicker, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding, Appellate Defender, by Daniel L. Spiegel, Assistant Appellate Defender, for defendant-appellee.*

ERVIN, Justice.

After defendant Sandra Meshell Brice was convicted of committing the felony of habitual misdemeanor larceny, a unanimous panel of the Court of Appeals vacated defendant's conviction and remanded this case to the trial court for the entry of a new judgment and resentencing based upon a misdemeanor larceny conviction on the grounds that the indictment returned against defendant in this case was fatally defective.  We reverse the Court of Appeals' decision.

On 22 July 2013, the Catawba County grand jury returned a single-count bill of indictment purporting to charge defendant with habitual misdemeanor larceny. The charge against defendant came on for trial before the trial court and a jury during the 9 February 2015 criminal session of the Superior Court, Catawba County. After the jury was empaneled and prior to the making of the parties' opening statements, defendant admitted, outside the presence of the jury and after an appropriate colloquy with the trial court, to having been convicted of the four prior larcenies delineated in the indictment. On 12 February 2015, the jury returned a verdict convicting defendant of habitual misdemeanor larceny. Based upon the jury's verdict, the trial court entered a judgment sentencing defendant to an active term of ten to twenty-one months imprisonment, suspended defendant's active sentence, and placed defendant on supervised probation for a period of twenty-four months on the condition that defendant comply with the usual terms and conditions of probation, serve a seventy-five-day term of imprisonment, and pay a $300.00 fine, attorney's fees, and the costs. Defendant noted an appeal to the Court of Appeals from the trial court's judgment.

In her sole challenge to the trial court's judgment before the Court of Appeals, defendant argued that the indictment's failure to comply with the requirements spelled out in N.C.G.S. § 15A-928 deprived the trial court of "jurisdiction to enter judgment and sentence against [defendant] for felony habitual misdemeanor

larceny," so that her "conviction for habitual misdemeanor larceny must be vacated and remanded for entry of judgment on misdemeanor larceny."

The State, on the other hand, noted defendant's failure to challenge the validity of the indictment that had been returned for the purpose of charging her with habitual misdemeanor larceny before the trial court and pointed out that defendant had not contended that "the indictment fails to describe each element of the crime with sufficient specificity" or that she had been "prejudiced in preparing her defense as a result of the indictment." Thus, in the State's view, any "variation" between "the strict requirements of N.C.[G.S.] § 15A-928" and the indictment returned against defendant in this case "is not reversible" error. As a result, the State urged the Court of Appeals to leave the trial court's judgment undisturbed.

In vacating the trial court's judgment and remanding this case to the Superior Court, Catawba County, for resentencing based upon a conviction for misdemeanor, rather than habitual misdemeanor, larceny, the Court of Appeals concluded that "an indictment for habitual misdemeanor larceny is subject to the provisions of N.C.[G.S.] § 15A-928" and that, "[o]n its face, the indictment here failed to comply with" that statutory provision. *State v. Brice,* ___ N.C. App. ___, ___, 786 S.E.2d 812, 815 (2016). The Court of Appeals rejected the State's argument in reliance upon the decision in *State v. Jernigan,* 118 N.C. App. 240, 455 S.E.2d 163 (1995), in which the Court of Appeals had held that noncompliance with the arraignment procedures set out in N.C.G.S. § 15A-928(c) constituted harmless error given that the defendant, who had

stipulated to his prior convictions prior to trial, "was fully aware of the charges against him . . . , understood his rights and the effect of the stipulation, and . . . was in no way prejudiced by the failure of the court to formally arraign him and advise him of his rights." *Brice*, ___, N.C. App. at ___, 786 S.E.2d at 815 (quoting *Jernigan*, 118 N.C. App. at 245, 455 S.E.2d at 167). In reaching this result, the Court of Appeals stated that, while "a formal arraignment under [N.C.G.S. §] 15A-928(c) is not a matter of jurisdictional consequence," the indictment requirements set out in N.C.G.S. § 15A-928(b) had been held to be jurisdictional in *State v. Williams*, 153 N.C. App. 192, 568 S.E.2d 890 (2002), *disc. rev. improvidently allowed*, 357 N.C. 45, 577 S.E.2d 618 (2003) (per curiam). *Id.* at ___, 786 S.E.2d at 815. As a result, since the failure of the indictment returned against defendant in this case to comply with the requirements of N.C.G.S. § 15A-928 deprived the trial court of jurisdiction to enter judgment against defendant based upon a conviction for habitual misdemeanor larceny, the Court of Appeals vacated defendant's conviction for that offense and remanded this case to the trial court for the entry of judgment and resentencing based upon a conviction for misdemeanor, rather than habitual misdemeanor, larceny. *Id.* at ___, 786 S.E.2d at 815.

The State sought discretionary review of the Court of Appeals' decision by this Court on the grounds that "bills of indictment [should not be quashed] for mere informality or minor defects which do not affect the merits of the case," quoting *State v. Brady*, 237 N.C. 675, 679, 75 S.E.2d 791, 793 (1953), and that this Court "do[es]

not favor the practice of quashing an indictment or arresting a judgment for informalities which could not possibly have been prejudicial to the rights of defendant in the trial court," quoting *State v. Russell*, 282 N.C. 240, 248, 192 S.E.2d 294, 299 (1972). According to the State, the Court of Appeals implicitly held in *State v. Stephens*, 188 N.C. App. 286, 293, 655 S.E.2d 435, 439-40, *disc. rev. denied*, 362 N.C. 370, 662 S.E.2d 389 (2008), that "an indictment that alleges all the felony offense's essential elements, including the prior conviction, properly alleges the felony offense" "despite not complying with [the] form requirements" set out in N.C.G.S. § 15A-928(b). In the State's view, the Court of Appeals erred by relying upon *Williams*, which had been "wrongly decided." Finally, the State asserted that, assuming that noncompliance with N.C.G.S. § 15A-928 constituted a jurisdictional defect, the Court of Appeals had erred by failing to simply arrest judgment given that the trial court lacked jurisdiction to convict defendant of, and sentence defendant for, a misdemeanor in this case.

Defendant, on the other hand, argued that compliance with N.C.G.S. § 15A-928 "is no mere formality, but rather is the formal mechanism by which the purpose of [N.C.G.S.] § 15A-928 is achieved." "If a defendant is not apprised of the opportunity to admit the prior convictions outside of the presence of the jury," "the defendant will be unable to avoid the certain prejudice that would result from evidence of prior convictions being presented to the jury." In defendant's view, the State is requesting the Court to disturb settled North Carolina law, in accordance with which "the statute

must be strictly followed in order to apprise [the] defendant of the offense for which he is charged and to enable him to prepare an effective defense," quoting *State v. Jackson,* 306 N.C. 642, 652 n.2, 295 S.E.2d 383, 389 n.2 (1982). Finally, defendant asserted that the remedy that the Court of Appeals afforded to defendant in this case has been "applied . . . time and time again" and "should remain undisturbed." This Court granted the State's discretionary review petition on 8 December 2016.

In seeking to persuade us to overturn the Court of Appeals' decision, the State points out that this Court has held that "[a]n indictment is sufficient if it charges all essential elements of the offense with sufficient particularity to apprise the defendant of the specific accusations against him and (1) will enable him to prepare his defense and (2) will protect him against another prosecution for that same offense," quoting *State v. Bowden*, 272 N.C. 481, 483, 158 S.E.2d 493, 495 (1968), and, citing *State v. House*, 295 N.C. 189, 200, 244 S.E.2d 654, 660 (1978), that noncompliance with provisions couched in mandatory terms is not necessarily fatal to the validity of an indictment. The State contends that a decision to invariably quash an indictment under circumstances such as those present here would attribute "to the Legislature an intent to paramount [sic] mere form over substance," quoting *House*, 295 N.C. at 203, 244 S.E.2d at 662. As a result, the State argues that, given that "we are no longer bound by the 'ancient strict pleading requirements of the common law' " and that "contemporary criminal pleadings requirements have been 'designed to remove from our law unnecessary technicalities which tend to obstruct justice,' " quoting

*State v. Williams*, 368 N.C. 620, 623, 781 S.E.2d 268, 271 (2016) (quoting *State v. Freeman,* 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985)), "[t]his Court should hold that a pleading that does not conform to [N.C.G.S. §] 15A-928's form requirements is not jurisdictionally defective for that reason alone."

Defendant, on the other hand, contends that the failure of the indictment returned against him in this case to separate the allegations setting out the substantive offense from the allegations delineating defendant's prior convictions renders that indictment fatally defective and insufficient to confer jurisdiction upon the trial court to enter judgment against defendant based upon an habitual misdemeanor larceny conviction. The fact that N.C.G.S. § 15A-928 utilizes mandatory terms such as "must" and "may not" in describing the manner in which allegations concerning a defendant's prior convictions should be set out indicates that these requirements should be treated as jurisdictional in nature, particularly given that the relevant statutory provisions do not explicitly state that noncompliance with the provisions of N.C.G.S. § 15A-928 is not a jurisdictional defect and that the General Assembly has failed to amend the relevant statutory provision to reflect the State's interpretation despite several Court of Appeals opinions finding that noncompliance with the separate indictment provisions of N.C.G.S. § 15A-928 constitutes a fatal defect.

> The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is . . . [c]ommitted after the defendant has been convicted in this State or in

another jurisdiction for any offense of larceny under this section, or any offense deemed or punishable as larceny under this section, or of any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies, or a combination thereof, at least four times. A conviction shall not be included in the four prior convictions required under this subdivision unless the defendant was represented by counsel or waived counsel at first appearance or otherwise prior to trial or plea. If a person is convicted of more than one offense of misdemeanor larceny in a single session of district court, or in a single week of superior court or of a court in another jurisdiction, only one of the convictions may be used as a prior conviction under this subdivision; except that convictions based upon offenses which occurred in separate counties shall each count as a separate prior conviction under this subdivision.

N.C.G.S. § 14-72(b)(6) (2015). As a result, a criminal defendant is guilty of the felony of habitual misdemeanor larceny in the event that he or she "took the property of another" and "carried it away" "without the owner's consent" and "with the intent to deprive the owner of his property permanently," *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citations omitted), *overruled in part on other grounds by State v. Mumford*, 364 N.C. 394, 402, 699 S.E.2d 911, 916 (2010), after having been previously convicted of an eligible count of larceny on four prior occasions. N.C.G.S. § 14-72(b)(6).

N.C.G.S. § 15A-924 (a) provides, in pertinent part, that:

A criminal pleading must contain . . . [a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to

apprise the defendant or defendants of the conduct which
is the subject of the accusation.

N.C.G.S. § 15A-924(a)(5) (2015). "To be sufficient under our Constitution, an indictment 'must allege lucidly and accurately all the essential elements of the offense endeavored to be charged.'" *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (quoting *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953)), *cert. denied,* 539 U.S. 985, 124 S. Ct. 44, 156 L. Ed. 2d 702 (2003). "It is hornbook law that a valid indictment is a condition precedent to the jurisdiction of the Superior Court to determine the guilt or innocence of the defendant, and to give authority to the court to render a valid judgment." *State v. Ray*, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968) (citing, *inter alia*, N.C. Const. art. I, § 12). "A criminal pleading . . . is fatally defective if it 'fails to state some essential and necessary element of the offense of which the defendant is found guilty.'" *State v. Ellis*, 368 N.C. 342, 344, 776 S.E.2d 675, 677 (2015) (quoting *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943) (citations omitted)). "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (citations omitted), *cert. denied,* 531 U.S. 1018, 121 S. Ct. 581, 148 L. Ed. 2d 498 (2000). "As to other less serious defects, objection must be made by motion to quash the indictment or, in proper cases, a bill of particulars may be demanded." *Gregory*, 223 N.C. at 418, 27 S.E.2d at 142.

The indictment returned against defendant in this case alleged that:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above [Sandra Meshell Brice] unlawfully, willfully, and feloniously did steal, take, and carry away FIVE PACKS OF STEAKS, the personal property of FOOD LION, LLC, such property having a value of SEVENTY DOLLARS ($70.00), and the defendant has had the following four prior larceny convictions in which [s]he was represented by counsel or waived counsel:

On or about MAY 8, 1996 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about SEPTEMBER 10, 1996 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Lincoln County, North Carolina; and that

On or about FEBRUARY 19, 1997, the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about JULY 29, 1997 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina; and that

On or about JUNE 13, 2003 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about OCTOBER 17, 2003 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina; and that

On or about JULY 7, 2007 the defendant committed the misdemeanor of LARCENY in violation of the law of the State of North Carolina, G.S. 14-72, and on or about SEPTEMBER 24, 2007 the defendant was convicted of the misdemeanor of LARCENY in the District Court of Catawba County, North Carolina.

A careful reading of the indictment returned against defendant in this case clearly indicates that the Catawba County grand jury alleged that defendant had stolen,

taken, and carried away the property of another with the requisite intent after having been previously convicted of misdemeanor larceny at times when she had either been represented by or waived counsel in various North Carolina District Courts on four separate occasions. As a result, given that the indictment returned against defendant in this case alleged all of the essential elements of habitual misdemeanor larceny, it sufficed to give the trial court jurisdiction over this case under the traditional test utilized in evaluating the facial validity of a criminal pleading. On the other hand, the indictment returned against defendant in this case unquestionably failed to comply with the requirements of N.C.G.S. § 15A-928(a) and (b), which provide that, in instances in which "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment or information for the higher offense may not allege the previous conviction," N.C.G.S. § 15A-928(a) (2015), and must, instead, "be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense," or the special indictment may be contained "in the principal indictment as a separate count," *id.* § 15A-928(b) (2015). As a result, the ultimate issue presented for our consideration in this case is whether the fact that the indictment returned against defendant in this case failed to comply with the separate indictment or separate count requirement set out in N.C.G.S. § 15A-928 constituted a fatal defect sufficient to deprive the trial court of jurisdiction to enter judgment against defendant.

Admittedly, this Court has stated on a number of occasions that, "[w]here jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." *In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (quoting *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), *overruled on other grounds by Quick v. Quick*, 305 N.C. 446, 457-58, 290 S.E.2d 653, 661 (1982), *superseded in part by statute,* N.C.G.S. § 50-13.4(f)(9) (1983)). The extent, if any, to which a particular statutory provision creates a jurisdictional requirement hinges upon the meaning of the relevant statutory provisions. *In re D.S.,* 364 N.C. 184, 187, 694 S.E.2d 758, 760 (2010) (stating that "[o]ur principal task here is to interpret the statute"). According to well-established North Carolina law, "[t]he primary rule of construction of a statute is to ascertain the intent of the legislature and to carry out such intention to the fullest extent." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 137 (1990) (citation omitted). "The best indicia of [the legislative] intent are the language of the statute . . . , the spirit of the act, and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citations omitted).

The statutory scheme created in N.C.G.S. § 15A-928 serves two important purposes. *State v. Ford*, 71 N.C. App. 452, 454, 322 S.E.2d 431, 432 (1984) (stating that the "purpose of [N.C.G.S. § 15A-928] is to insure that defendants are informed

of the prior convictions they are charged with and are given a fair opportunity to either admit or deny them before the State's evidence is concluded"). As an initial matter, the provision set out in N.C.G.S. § 15A-928(b) requiring "a special indictment or information" "charging that the defendant was previously convicted of a specified offense" serves the purpose of ensuring that "the defendant has notice that he is to be charged as a recidivist before pleading . . . , eliminating the possibility that he will enter a guilty plea on the expectation that the maximum punishment he could receive would be that provided for in the statute defining the present crime." *State v. Allen*, 292 N.C. 431, 435, 233 S.E.2d 585, 588 (1977) (quoting Harold Dubroff, Note, *Recidivist Procedures,* 40 N.Y.U. L. Rev. 332, 348 (1965) [hereinafter *Recidivist Procedures*]) (discussing the North Carolina Habitual Felons Act and noting, at 292 N.C. at 434, 233 S.E.2d at 587, the procedural similarities between that Act and the provisions of N.C.G.S. § 15A-928).[1] Secondly, the requirement set out in N.C.G.S. § 15A-928(a) and (b) that the defendant's prior conviction be alleged in a special indictment or information or in a separate count is intended to prevent "any prejudice due to the introduction of evidence of prior convictions before the trier of guilt for the

---

[1] This Court has stated, in dicta, that, "when [N.C.]G.S. § 15A-928 does apply, the statute must be strictly followed." *Jackson*, 306 N.C. at 652 n.2, 295 S.E.2d at 389 n.2. The quoted statement was made in a case involving a special indictment alleging a prior conviction that had been returned nearly two months after the indictment charging the substantive offense. *Id.* at 652 n.2, 295 S.E.2d at 389 n.2. In stating that the indictment charging the prior conviction or convictions "must be filed *with* the principal pleading," *id.* at 652 n.2, 295 S.E.2d at 389 n.2, the Court was clearly referring to the notice-related concerns sought to be addressed by N.C.G.S. § 15A-928.

present offense." *Id.* at 435, 233 S.E.2d at 588 (quoting *Recidivist Procedures* at 348). The separate indictment requirement operates to prevent such prejudice using the procedures prescribed in N.C.G.S. § 15A-928(c), which requires the trial court, out of the presence of the jury, to "arraign the defendant upon the special indictment or information" after advising him or her that "he [or she] may admit the previous conviction alleged, deny it, or remain silent," N.C.G.S. § 15A-928(c) (2015), with an admission of the prior conviction element sufficing to preclude the admission of evidence concerning the defendant's prior conviction before the jury, *id.* § 15A-928(c)(1), and with a denial of the prior conviction element sufficing to authorize "the State [to] prove that element of the offense charged before the jury as a part of its case," *id.* § 15A-928(c)(2).

An examination of the language in which N.C.G.S. § 15A-928 is couched and the purposes sought to be achieved by N.C.G.S. § 15A-928 do not persuade us that noncompliance with the relevant statutory provisions constitutes a jurisdictional defect. Although the separate indictment provisions contained in N.C.G.S. § 15A-928 are couched in mandatory terms, that fact, standing alone, does not make them jurisdictional in nature. *Cf. House*, 295 N.C. at 200-03, 244 S.E.2d at 660-62 (stating that the word "must" or "shall" in a statute does not always "indicate a legislative intent to make a provision of the statute mandatory, and a failure to observe it fatal to the validity of the purported action" and holding that, though N.C.G.S. § 15A-644(a)(5) directs that an indictment "must contain" the grand jury foreman's

signature "attesting the concurrence of 12 or more grand jurors in the finding of a true bill of indictment," an indictment lacking the express statement that "12 or more grand jurors concurred in such finding" was nevertheless valid "where the foreman's statement upon the bill is clearly so intended and there is nothing to indicate the contrary."). Similarly, the notice and prejudice-related purposes that underlie N.C.G.S. § 15A-928 are not the sort of goals typically sought to be achieved by the imposition of additional jurisdictional requirements over and above those otherwise required. Although the provision of sufficient notice does appear to have jurisdictional overtones, a defendant can obtain sufficient notice of the exact nature of the charge that has been lodged against him or her through compliance with the traditional facial validity requirements set out in N.C.G.S. § 15A-924(a)(5) without the necessity for compliance with the separate indictment provisions of N.C.G.S. § 15A-928. Similarly, compliance with the separate indictment requirement set out in N.C.G.S. § 15A-928 is not absolutely necessary to ensure the absence of prejudice to defendant stemming from the disclosure of defendant's prior convictions to the jury given that defendant was separately arraigned on the prior conviction allegations in this case as required by N.C.G.S. § 15A-928(c), admitted to the prior convictions, and was convicted by a jury that had no knowledge of her prior larceny convictions. As a result, a careful examination of the language in which N.C.G.S. § 15A-928 is couched, coupled with an analysis of the purposes sought to be served by the enactment of the relevant statutory language, persuades us that the separate indictment provision

contained in N.C.G.S. § 15A-928 is not a jurisdictional issue that defendant was entitled to raise on appeal without having lodged an appropriate objection or otherwise sought relief on the basis of that claim before the trial court.[2]

In response to questions posed during oral argument, defendant asserted that there were only two categories of indictment-related error—facial defects that deprived the trial court of jurisdiction and errors for which no relief could be afforded even if the alleged defect in the indictment was brought to the trial court's attention by objection, a motion to dismiss or quash, or otherwise. *See, e.g., State v. Cheek*, 307 N.C. 552, 555, 299 S.E.2d 633, 636 (1983) (rejecting the defendant's argument that the omission of "with force and arms" rendered a rape indictment fatally defective); *State v. Corbett*, 307 N.C. 169, 173-75, 297 S.E.2d 553, 557-58 (1982) (same); *State v. Dudley*, 182 N.C. 822, 825, 109 S.E. 63, 65 (1921) (stating that, while "[i]t may have been the better form to have added to the bill that the alleged default was also 'contrary to the statute in such case made and provided,' but this, if it be a defect, is one cured in express terms by our Statute of Jeofails"); *State v. Sykes*, 104 N.C. 694, 698-99, 10 S.E. 191, 192-93 (1889) (opining that "the grounds assigned in support of the motion to quash are untenable" given that "it was not necessary that the affidavit or warrant should conclude 'against the statute' "); *State v. Howard*, 92 N.C. 772, 778

---

[2] Although defendant asserts that similar language contained in the statutory provisions governing the sentencing of habitual felons was held to be jurisdictional in *State v. Patton*, 342 N.C. 633, 635, 466 S.E.2d 708, 709-10 (1996), we do not understand *Patton* to involve a jurisdictional holding.

(1885) (holding that it was not necessary for an indictment for murder to allege that the "prisoner, not having the fear of God before his eyes, but being moved and seduced by the instigation of the devil" or that the "deceased was in the peace of God and the State").[3]  In advancing this argument, however, defendant has overlooked a third category of indictment-related errors involving deficiencies that must be brought to the trial court's attention as a prerequisite for the assertion of that indictment-related claim on appeal.  *See, e.g., State v. Green,* 266 N.C. 785, 788-89, 147 S.E.2d 377, 379-80 (1966) (per curiam) (stating that the defendant, "by going to trial on this warrant without making a motion to quash, waived any duplicity in the warrant" (citing *State v. Best,* 265 N.C. 477, 144 S.E.2d 416 (1965))); *State v. Strouth,* 266 N.C. 340, 342, 145 S.E.2d 852, 853 (1966) (observing that, "by going to trial without making a motion to quash, defendant waived any duplicity in the warrant" (quoting *Best*, 265 N.C. at 481, 144 S.E.2d at 418)); *State v. Merritt,* 244 N.C. 687, 688, 94 S.E.2d 825, 826 (1956) (stating that "[t]he defendant could have required separate counts, one charging operation of a motor vehicle while under the influence of intoxicating liquor" and "the other charging the operation while under the influence of narcotics," but, "[b]y going to trial without making a motion to quash, [the defendant] waived any duplicity

---

[3] A number of the decisions cited at this point in the text rely upon N.C.G.S. § 15-155, which is entitled "Defects which do not vitiate" and which provides, in pertinent part, that "[n]o judgment upon any indictment for felony or misdemeanor . . . shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved, nor for omission of the words . . . 'with force and arms,' . . .  nor for omission of the words 'against the form of the statute' or 'against the form of the statutes.' "

which might exist in the bill" (citing multiple cases)). The Court of Appeals applied a similar analysis in evaluating claims arising from noncompliance with the separate indictment provisions of N.C.G.S. § 15A-928 in *State v. Sullivan,* 111 N.C. App. 441, 442, 432 S.E.2d. 376, 377 (1993), in which the defendant successfully filed a "motion to strike the surplus language" from an indictment that violated the separate pleading requirement set out in N.C.G.S. § 15A-928, and *Stephens*, 188 N.C. App. at 288, 293, 655 S.E.2d at 437, 440, in which the Court of Appeals upheld the trial court's decision to allow the State to amend an indictment in order to ensure compliance with N.C.G.S. § 15A-928 by separating the substantive allegations from the allegations concerning the defendant's prior convictions. As a result, we hold that the claim that defendant has sought to present on appeal in this case is similar to other sorts of claims which, while not involving challenges to noncompliance with formalities that have little practical purpose, do involve deviations from statutory requirements that attempt to effectuate significant legislative policy goals and, for that reason, may well support an award of appellate relief in appropriate cases in the event that those claims are properly preserved for purposes of appellate review.

In this case, however, defendant did not challenge before the trial court the failure of the indictment returned against her to comply with the separate indictment provision set out in N.C.G.S. § 15A-928. For that reason, given that the claim that she has presented for our consideration is not jurisdictional in nature, she is not entitled to seek relief based upon that indictment-related deficiency for the first time

on appeal.[4]  As a result, we reverse the decision of the Court of Appeals and instruct

that court to reinstate the judgment of the trial court.

REVERSED.

---

[4] For the reasons set forth in the text of this opinion, the Court of Appeals' decision in *Williams*, 153 N.C. App. 192, 568 S.E.2d 890, is also overruled.