ELMORE, Judge.
 

 *141
 
 On 16 May 2016, Walter Columbus Simmons (defendant) pled guilty to aggravated felony death by vehicle (AFDV) and felony hit and run (FHR). The judgment, however, inaccurately reflected that defendant pled guilty to felony serious injury by vehicle instead of FHR. Defendant later petitioned this Court to issue a writ of
 
 certiorari
 
 to review issues
 
 *142
 
 pertaining to his guilty plea.
 
 See
 

 State v. Simmons
 
 , No. 16-1065,
 
 2017 WL 3481296
 
 at *2,
 
 803 S.E.2d 701
 
 , (N.C. App. Aug. 15, 2017) (unpublished). We deemed meritorious only one of those issues, a jurisdictional challenge to the sufficiency of the AFDV indictment, and the State conceded that indictment was fatally defective under the authority of this Court's decision in
 
 State v. Brice
 
 , --- N.C. App. ----,
 
 786 S.E.2d 812
 
 (2016),
 
 rev'd
 
 , --- N.C. ----,
 
 806 S.E.2d 32
 
 (2017).
 
 Id.
 
 at *2,
 
 803 S.E.2d 701
 
 . Accordingly, we allowed in part defendant's petition for the limited purpose of reviewing that sole issue and addressing the clerical error regarding the offenses to which defendant pled guilty.
 
 Id.
 
 at *2,
 
 803 S.E.2d 701
 
 .
 

 In
 
 Brice
 
 , this Court held that the State's failure to comply with N.C. Gen. Stat. § 15A-928 's special-pleading requirement-that is, when a prior conviction or convictions constitute an element of a greater offense, that prior conviction or those convictions must be listed on a special indictment or information, or in a separate count-constituted a fatal jurisdictional defect. --- N.C. App. at ----,
 
 786 S.E.2d at
 
 815 (citing
 
 State v. Williams
 
 ,
 
 153 N.C. App. 192
 
 ,
 
 568 S.E.2d 890
 
 (2002),
 
 disc. rev. improvidently allowed
 
 ,
 
 357 N.C. 45
 
 ,
 
 577 S.E.2d 618
 
 (2003),
 
 and overruled by
 

 Brice
 
 , --- N.C. at ---- n.4,
 
 806 S.E.2d at
 
 40 n.4 ). The
 
 Brice
 
 panel thus vacated the defendant's habitual misdemeanor larceny conviction and remanded for entry of a judgment and resentencing on the lesser offense of misdemeanor larceny.
 

 Id.
 

 Here, the State similarly violated N.C. Gen. Stat. § 15A-928 by including a prior conviction of driving while impaired, an element of AFDV, on defendant's AFDV indictment.
 
 Simmons
 
 , at *2,
 
 803 S.E.2d 701
 
 . Accordingly, under
 
 Brice
 
 , we vacated defendant's AFDV conviction and remanded for entry of a judgment and resentencing on the lesser offense of felony death by vehicle (FDV).
 
 Id.
 
 at *2,
 
 803 S.E.2d 701
 
 . We also instructed the trial court on remand to correct a clerical error in its judgment.
 
 Id.
 
 at *2,
 
 803 S.E.2d 701
 
 ("Although the plea arrangement and plea hearing transcript reflect that defendant pled guilty to FHR,
 
 see
 

 N.C. Gen. Stat. § 20-166
 
 (a) (2015), the judgment reflects that he pled guilty to felony serious injury by vehicle,
 
 see
 

 N.C. Gen. Stat. § 20-141.4
 
 (a3) (2015).").
 

 On 28 August 2017, the State filed a petition for a writ of
 
 supersedeas
 
 and a motion for a temporary stay with the Supreme Court of North Carolina. On 15 September 2017, the State filed a petition for discretionary review. On 28 September 2017, defendant filed a response to the State's petition for discretionary review and a conditional request for discretionary review of an additional issue. On 7 December 2017, our Supreme Court dissolved the temporary stay, denied the State's petition for a writ of
 
 supersedeas
 
 , denied defendant's conditional petition for discretionary review, and allowed the State's petition for discretionary
 
 *143
 
 review for the limited purpose of remanding the case to this Court for reconsideration of our decision in
 
 Simmons
 
 in light of its decision in
 
 State v. Brice
 
 , --- N.C. ----,
 
 806 S.E.2d 32
 
 (2017),
 
 rev'g
 
 --- N.C. App. ----,
 
 786 S.E.2d 812
 
 (2016).
 

 On remand, after reviewing
 
 Brice
 
 , we conclude that defendant's alleged AFDV indictment error under N.C. Gen. Stat. § 15A-928 no longer implicates jurisdiction and, therefore, defendant has waived his right to appellate review of this issue by failing to object below. Accordingly, we modify our prior decision in
 
 Simmons
 
 and sustain the trial court's judgment and sentence with respect to the AFDV conviction. We remand for the limited
 
 *713
 
 purpose of instructing the trial court to correct the clerical error in its judgment by reflecting that defendant pled guilty to FHR.
 

 I. Analysis
 

 In
 
 Brice
 
 , this Court held that the State's failure to comply with N.C. Gen. Stat. § 15A-928 's special-pleading requirement constituted a fatal jurisdictional defect. --- N.C. App. at ----,
 
 786 S.E.2d at 815
 
 (citation omitted). We thus vacated the defendant's conviction for habitual misdemeanor larceny and remanded for entry of a judgment and sentence on misdemeanor larceny.
 

 Id.
 

 On discretionary review, by written opinion filed 3 November 2017, our Supreme Court held that the State's failure to comply with N.C. Gen. Stat. § 15A-928 's special-pleading requirement did not implicate the trial court's jurisdiction.
 
 Brice
 
 , --- N.C. at ----,
 
 806 S.E.2d at 38
 
 . Thus, as the defendant failed to object below to the State's N.C. Gen. Stat. § 15A-928 noncompliance, she was not entitled to raise that non-jurisdictional issue for the first time on appeal.
 

 Id.
 

 at ----,
 
 806 S.E.2d at 39-40
 
 . Accordingly, our Supreme Court reversed our decision in
 
 Brice
 
 , deemed the defendant's N.C. Gen. Stat. § 15A-928 issue waived, and remanded with instructions to reinstate the trial court's prior judgment.
 

 Id.
 

 In reconsideration of our decision, we are bound by our Supreme Court's holdings in
 
 Brice
 
 . As the preservation issue in this case is indistinguishable from
 
 Brice
 
 , we hold that because defendant failed to object below to the State's noncompliance with N.C. Gen. Stat. § 15A-928 's special-pleading requirement, he "is not entitled to seek relief based upon that indictment-related deficiency for the first time on appeal."
 

 Id.
 

 at ----,
 
 806 S.E.2d at 40
 
 (footnote omitted). Accordingly, under
 
 Brice
 
 , we deem this issue unpreserved for appellate review and thus hold the trial court's prior judgment should be reinstated. We remand this case for the limited purpose of instructing the trial court to correct the clerical error in its judgment to reflect accurately that defendant pled guilty to FHR.
 

 *144
 

 II. Conclusion
 

 After reconsideration of our prior decision in light of
 
 Brice
 
 , we conclude that defendant's failure to object below to the State's noncompliance with N.C. Gen. Stat. § 15A-928 waived his right to appellate review of this issue. Therefore, we hold that the trial court's prior judgment be reinstated. We remand for the limited purpose of instructing the trial court to correct the clerical error in its judgment by accurately reflecting that defendant pled guilty to FHR.
 

 REMANDED FOR CORRECTION OF CLERICAL ERROR.
 

 Judges INMAN and BERGER concur.