IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-143

No. COA20-586

Filed 20 April 2021

Mecklenburg County, Nos. 18CRS203190, 19CRS2204

STATE OF NORTH CAROLINA

v.

ROMAN JERONE IRVINS

Appeal by Defendant from judgment entered 23 October 2019 by Judge Lisa C. Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 March 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Donna A. Hart, for the State-Appellee.*

*Edward Eldred for Defendant-Appellant.*

COLLINS, Judge.

¶ 1    Defendant appeals from judgment entered upon a jury verdict of guilty of felony habitual larceny and a plea of guilty to attaining habitual felon status. Defendant contends that his indictment for felony habitual larceny was facially invalid because an attempted larceny conviction is not an eligible count of larceny to support an indictment for felony habitual larceny under N.C. Gen. Stat. § 14-72(b)(6). We agree. We arrest judgment on Defendant's habitual larceny conviction and

remand to the trial court for sentencing and entry of judgment for misdemeanor larceny. We reverse the judgment entered upon Defendant's guilty plea to the habitual felon charge and remand to the trial court for dismissal.

## I. Background

Defendant was indicted on 28 January 2019 for felony habitual larceny and attaining habitual felon status. The felony habitual larceny indictment alleged that Defendant "did unlawfully, willfully, and feloniously steal, take and carry away three (3) sets of headphones, the personal property of Target Stores, Incorporated," and had the following four larceny convictions: (1) misdemeanor larceny on 22 October 2008 in Union County; (2) misdemeanor larceny on 19 June 2012 in Mecklenburg County; (3) habitual larceny on 2 November 2015 in Union County; and (4) misdemeanor larceny on 6 June 2016 in Union County. The State moved to amend the felony habitual larceny indictment to allege that Defendant's conviction on 22 October 2008 was for attempted misdemeanor larceny rather than misdemeanor larceny, which the trial court allowed over Defendant's objection. Defendant was ultimately found guilty of felony habitual larceny and pled guilty to attaining habitual felon status, while reserving the right to appeal the felony habitual larceny conviction. Defendant was sentenced to 77 to 105 months in prison. Defendant gave oral notice of appeal.

## II. Standard of Review

"[W]here an indictment is alleged to be invalid on its face, thereby depriving

the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000) (citations omitted). This Court reviews the sufficiency of an indictment *de novo*. *State v. White,* 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019).

## III.   Analysis

¶ 4        Defendant's sole argument on appeal is that his indictment for felony habitual larceny was facially invalid because an attempted larceny conviction is not an eligible count of larceny to support an indictment for felony habitual larceny under N.C. Gen. Stat. § 14-72(b)(6).

¶ 5        To be sufficient under our Constitution, an indictment "must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." *State v. Hunt,* 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) (citation omitted); *see also State v. Brice,* 370 N.C. 244, 250, 806 S.E.2d 32, 36-37 (2017) (noting that defendant's indictment for felony habitual larceny alleged all essential elements because, in part, it alleged defendant had four prior convictions for misdemeanor larceny). "[A] criminal defendant is guilty of the felony of habitual misdemeanor larceny in the event that he or she took the property of another and carried it away without the owner's consent and with the intent to deprive the owner of his property permanently," *Brice*, 370 N.C. at 248, 806 S.E.2d at 35 (quotation marks and citation

omitted), "after having been previously convicted of an eligible count of larceny on four prior occasions." *Id.* at 248, 806 S.E.2d at 36 (citing N.C. Gen. Stat. § 14-72(b)(6)).

¶ 6 An eligible count of larceny is a conviction in this State, or in any other jurisdiction, for: (1) any offense of larceny under N.C. Gen. Stat. § 14-72; (2) any offense "deemed or punishable as larceny" under N.C. Gen. Stat. § 14-72; or (3) "any substantially similar offense in any other jurisdiction, regardless of whether the prior convictions were misdemeanors, felonies or a combination thereof[.]" N.C. Gen. Stat. § 14-72(b)(6) (2019).

¶ 7 The common law elements of larceny are that the defendant: (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of his property permanently. *State v. Boykin,* 78 N.C. App. 572, 576, 337 S.E.2d 678, 681 (1985). Larceny is punishable under N.C. Gen. Stat. § 14-72. Larceny is a Class 1 misdemeanor "where the value of the property or goods is not more than one thousand dollars ($ 1,000)[.]" N.C. Gen. Stat. § 14-72(a). Larceny is a felony where evidence supports additional statutory elements set forth in N.C. Gen. Stat. § 14-72(a) and (b).

¶ 8 "Attempted larceny is a lesser-included offense of larceny." *State v. Primus*, 227 N.C. App. 428, 431, 742 S.E.2d 310, 313 (2013) (citation omitted). An attempt is an "intentional 'overt act' done for the purpose of committing a crime but falling short of the completed crime." *State v. Broome,* 136 N.C. App. 82, 87, 523 S.E.2d 448, 453

(1999) (citations omitted). As the State concedes, "attempted larceny is not a completed larceny under N.C. [Gen. Stat.] §14-72[.]"

¶ 9        Attempted misdemeanor larceny is not "deemed or punishable" as larceny under N.C. Gen. Stat. § 14-72. Pursuant to N.C. Gen. Stat. § 14-2.5, "[u]nless a different classification is expressly stated, . . . an attempt to commit a misdemeanor . . . is punishable under the next lower classification as the offense which the offender attempted to commit." N.C. Gen. Stat. § 14-2.5 (2019). Neither section 14-72 nor 14-2.5 expressly state the classification for an attempted misdemeanor larceny. Accordingly, attempted misdemeanor larceny is punishable under N.C. Gen. Stat. § 14-2.5 as a Class 2 misdemeanor, the next lower classification of a Class 1 misdemeanor larceny under N.C. Gen. Stat. § 14-74(a).

¶ 10        Finally, it is uncontested that Defendant's conviction for attempted misdemeanor larceny was from Union County, North Carolina, so it is not a "substantially similar offense" from another jurisdiction. *See* N.C. Gen. Stat. 14-72(b)(6).

¶ 11        Because attempted misdemeanor larceny does not fit within any of the three statutory categories set forth in N.C. Gen. Stat. § 14-72(b)(6), attempted larceny is not an eligible count of larceny to support an indictment for felony habitual larceny.

¶ 12        The State argues that because the indictment alleges Defendant had a prior conviction for habitual larceny, that conviction is evidence that Defendant had four

eligible convictions for larceny. However, as "[t]he purpose of an indictment is to inform the defendant of the charge against him with sufficient certainty to enable him to prepare a defense[,]" *State v. Bullock*, 154 N.C. App. 234, 244, 574 S.E.2d 17, 23 (2002), an indictment "must allege lucidly and accurately all the essential elements of the offense endeavored to be charged[,]" *Hunt*, 357 N.C. at 267, 582 S.E.2d at 600. Accordingly, a habitual larceny indictment must specifically allege each of the four eligible counts of larceny of which a defendant was convicted. *See Brice*, 370 N.C. at 249-50, 806 S.E.2d at 36-37 (a habitual larceny indictment must allege the defendant was convicted of "an eligible count of larceny" on "four separate occasions"). A prior habitual larceny conviction is only one eligible count of larceny for purposes of N.C. Gen. Stat. § 14-72(b)(6).

¶ 13          Because attempted misdemeanor larceny is not an eligible count of larceny to support an indictment for felony habitual larceny under N.C. Gen. Stat. § 14-72(b)(6), the indictment failed to allege all essential elements of this offense. "When an indictment has failed to allege the essential elements of the crime charged, it has failed to give the trial court subject matter jurisdiction over the matter, and the reviewing court must arrest judgment." *Bullock,* 154 N.C. App. at 244, 574 S.E.2d at 23 (citations omitted). Accordingly, we arrest judgment on Defendant's felony habitual larceny conviction.

¶ 14          Generally, "[t]he legal effect of arresting the judgment is to vacate the verdict

and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment." *State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966) (citations omitted). However, "where the indictment does sufficiently allege a lesser-included offense, we may remand for sentencing and entry of judgment thereupon." *Bullock,* 154 N.C. App. at 245, 574 S.E.2d at 24. As Defendant's indictment sufficiently alleged misdemeanor larceny and the jury's verdict of guilty of felony habitual larceny necessarily means that they found all of the elements of the lesser-included offense of misdemeanor larceny, we remand this case to the trial court for sentencing and entry of judgment for misdemeanor larceny. *See id.* at 245, 574 S.E.2d at 24 (remanding defendant's case to the trial court for imposition of judgment on attempted voluntary manslaughter as a lesser-included offense of attempted first degree murder, because all of the elements of attempted voluntary manslaughter were alleged in the indictment).

¶ 15        Furthermore, because the judgment for Defendant's conviction for felony habitual larceny has been arrested and the case remanded to the trial court for sentencing and entry of judgment for misdemeanor larceny, the judgment entered upon Defendant's guilty plea to the habitual felon charge must be reversed and remanded to the trial court for dismissal. *See State v. Flint,* 199 N.C. App. 709, 717, 682 S.E.2d 443, 448 (2009) ("In North Carolina, an habitual felon indictment must be ancillary to a substantive felony and cannot stand on its own.") (citation omitted).

## IV.    Conclusion

Defendant's indictment was facially invalid because it failed to contain allegations of four eligible larceny convictions, an essential element of a felony habitual larceny indictment.  The judgment on Defendant's felony habitual larceny conviction is arrested and the case is remanded to the trial court for sentencing and entry of judgment for misdemeanor larceny.  Defendant's guilty plea to the habitual felon charge is reversed and remanded to the trial court for dismissal.

JUDGMENT ARRESTED IN PART; REVERSED IN PART; AND REMANDED.

Judges DILLON and ZACHARY concur.