DIETZ, Judge.
 

 Judge Jerry Tillett brought suit under our State's Public Records Act to compel the Town of Kill Devil Hills to produce documents that he contends are public records subject to disclosure under the Act. The trial court reviewed these documents
 
 in camera
 
 -meaning in private, outside the presence of the parties and the public. The court determined that two documents were subject to disclosure and ordered them to be produced under seal to Judge Tillett. Both parties appealed.
 

 On appeal, the Town argues that the trial court lacked subject matter jurisdiction to enter the challenged order. We agree. The applicable section of the Public Records Act states that a litigant "may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying, and the court
 
 shall have jurisdiction
 
 to issue such orders if the person has
 
 *147
 
 complied with G.S. 7A-38.3E."
 
 N.C. Gen. Stat. § 132-9
 
 (a) (emphasis added). As explained in more detail below, the General Assembly's use of the word "jurisdiction" demonstrates that it intended for Section 132-9(a) to impose a jurisdictional rule, rather than an ordinary procedural rule.
 

 Judge Tillett concedes that he did not satisfy the requirements of
 
 N.C. Gen. Stat. § 132-9
 
 (a) because he failed to initiate mediation within 30 days of the Town's filing of a responsive pleading, as required by N.C. Gen. Stat. § 7A-38.3E. Accordingly, we must vacate the trial court's order for lack of subject matter jurisdiction.
 

 Facts and Procedural History
 

 In early 2015, Judge Jerry Tillett requested various public records from the Town of Kill Devil Hills through the provisions of our State's Public Records Act. The Town produced some records but withheld others, arguing that they fell within various exceptions to the public records laws. Judge Tillett then sued the Town to compel disclosure of the remaining, undisclosed records.
 

 The applicable provisions of the public records laws required Judge Tillett to "initiate mediation ... no later than 30 days from the filing of responsive pleadings with the clerk in the county where the action is filed." N.C. Gen. Stat. § 7A-38.3E(b). Judge Tillett did not initiate mandatory mediation within 30 days after the Town filed its answer.
 

 Ultimately, after a hearing and an opportunity to review the disputed documents
 
 in camera
 
 , the trial court ordered the Town to produce copies of two of the challenged documents, but also ordered that the documents must remain under seal and not be shared with the public generally. Both parties timely appealed the trial court's order.
 

 Analysis
 

 We begin our analysis with the Town's argument that the trial court lacked subject matter jurisdiction to adjudicate this dispute. Subject matter jurisdiction is a question of law that this Court reviews
 
 de novo
 
 .
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010).
 

 The Public Records Act provides that a litigant seeking to challenge the denial of access to public records "may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying, and the court
 
 shall have jurisdiction
 
 to issue such orders
 
 if the person has complied with G.S. 7A-38.3E
 
 ."
 
 N.C. Gen. Stat. § 132-9
 
 (a) (emphasis added).
 

 Section 7A-38.3E of the General Statutes is titled "Mediation of public records disputes" and requires a party who files a civil action under the Public Records Act to "initiate mediation ... no later than 30 days from the filing of responsive pleadings with the clerk in the county where the action is filed." N.C. Gen. Stat. § 7A-38.3E(b).
 

 The General Assembly's use of the phrase "shall have
 
 jurisdiction
 
 to issue such orders" in Section 132-9(a) is crucial to our analysis. Broadly speaking, there are two types of rules governing the manner in which legal claims are pursued in court: jurisdictional rules, which affect a court's power to hear the dispute, and procedural rules, which ensure that the legal system adjudicates the claim in an orderly way.
 
 See
 

 Dolan v. United States
 
 ,
 
 560 U.S. 605
 
 , 610,
 
 130 S.Ct. 2533
 
 ,
 
 177 L.Ed.2d 108
 
 (2010).
 

 The distinction is important because, unlike ordinary procedural requirements, jurisdictional requirements cannot be waived or excused by the court.
 
 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 595,
 
 636 S.E.2d 787
 
 , 793 (2006). Instead, if a litigant fails to satisfy a jurisdictional requirement, the court lacks the power to adjudicate the dispute at all-rendering any action taken in the case a nullity.
 
 State ex rel. Hanson v. Yandle,
 

 235 N.C. 532
 
 , 535,
 
 70 S.E.2d 565
 
 , 568 (1952). Moreover, unlike most procedural violations, a defect in subject matter jurisdiction can be raised at any time, even for the first time on appeal.
 
 Wood v. Guilford County
 
 ,
 
 355 N.C. 161
 
 , 164,
 
 558 S.E.2d 490
 
 , 493 (2002).
 

 Ordinarily, courts might consider a mediation requirement like the one contained in N.C. Gen. Stat. § 7A-38.3E(b) to be procedural, rather than jurisdictional.
 
 Dolan
 
 ,
 
 560 U.S. at 610
 
 ,
 
 130 S.Ct. 2533
 
 . As a result, a court could excuse noncompliance in certain
 
 *148
 
 circumstances-for example, by invoking equitable doctrines such as estoppel or waiver.
 

 But courts have long recognized that a legislative body is "free to attach the conditions that go with the jurisdictional label to a rule that [courts] would prefer to call a claim-processing rule."
 
 Henderson v. Shinseki
 
 ,
 
 562 U.S. 428
 
 , 435,
 
 131 S.Ct. 1197
 
 ,
 
 179 L.Ed.2d 159
 
 (2011). This is so because it is the legislative branch-in our case, the General Assembly-that establishes the jurisdiction of trial courts over these types of claims.
 
 See
 

 Bullington v. Angel
 
 ,
 
 220 N.C. 18
 
 , 20,
 
 16 S.E.2d 411
 
 , 412 (1941) ; N.C. Const. Art. IV, Section 12. Simply put, even if a rule in a proceeding like this one appears to be merely procedural, courts must treat it as jurisdictional if the General Assembly has given a "clear indication that the provision was meant to carry jurisdictional consequences."
 
 Henderson
 
 ,
 
 562 U.S. at 429
 
 ,
 
 131 S.Ct. 1197
 
 .
 

 That is the case here. The Public Records Act states that a litigant "may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying, and the court
 
 shall have jurisdiction
 
 to issue such orders if the person has complied with G.S. 7A-38.3E."
 
 N.C. Gen. Stat. § 132-9
 
 (a) (emphasis added). Thus, the General Assembly has given the courts a "clear indication" that the mandatory mediation requirements of Section 7A-38.3E are
 
 jurisdictional
 
 requirements that must be satisfied for the courts to have the power to adjudicate the dispute. Among these jurisdictional requirements is Section 7A-38.3E(b), which provides that "[s]ubsequent to filing a civil action under Chapter 132 of the General Statutes, a person shall initiate mediation pursuant to this section. Such mediation shall be initiated no later than 30 days from the filing of responsive pleadings with the clerk in the county where the action is filed." N.C. Gen. Stat. § 7A-38.3E(b).
 

 We therefore hold that, in order to confer jurisdiction upon the trial court in a Public Records Act suit, the plaintiff must initiate mediation within 30 days of the filing of the responsive pleading as required by N.C. Gen. Stat. § 7A-38.3E(b). Judge Tillett concedes that he did not initiate mediation within 30 days after the Town filed its responsive pleading. Thus, we agree with the Town that the trial court lacked jurisdiction to adjudicate this Public Records Act dispute, and we vacate the trial court's order. We note, however, that this ruling does not prevent Judge Tillett, or other parties who seek access to these records, from pursuing further Public Records Act requests and properly invoking the trial court's jurisdiction should the Town again refuse to produce the records.
 

 Conclusion
 

 The trial court lacked subject matter jurisdiction to enter the challenged order. That order is vacated.
 

 VACATED.
 

 Judges ELMORE and INMAN concur.