DILLON, Judge.
 

 *732
 
 Stephanie Bridges ("Defendant") appeals the trial court's judgment entered upon a jury verdict finding her guilty of multiple drug-related offenses. Defendant challenges her conviction for possession of methamphetamine, arguing that the State failed to present evidence of the chemical nature of the substance found on her person. Because Defendant admitted the contraband nature of the substance to the arresting officer, we hold there was no error.
 

 I. Background
 

 The evidence at trial tended to show the following:
 

 Police investigated a parked car and discovered a "white crystalline substance" in the passenger compartment. Police then arrested Defendant, who had been sitting in the driver's seat of the car, and
 
 *733
 
 transported her to a detention center. On the way, Defendant admitted to a detective that she had "a baggy of meth hidden in her bra." Once Defendant arrived at the center, an officer found a bag of a "crystal-like" substance in Defendant's bra during a search.
 

 One of the arresting officers testified at trial, without objection, to Defendant's statement regarding the methamphetamine in her bra: "[Defendant] told me that she had a baggy of meth hidden in her bra." The State admitted the crystal-like substance found in Defendant's bra as an exhibit. However, the
 
 *367
 
 State did not present any testimony empirically describing the chemical composition of the substance.
 

 Defendant moved to dismiss all charges based on the insufficiency of the State's evidence, which was denied by the trial court. The jury ultimately convicted her of possession of methamphetamine. Defendant appeals.
 

 II. Analysis
 

 Defendant contends that the trial court erred in denying her motions to dismiss the charge of possession of methamphetamine. Specifically, Defendant argues that the State failed to satisfy its burden of proof by failing to offer any evidence establishing the chemical identity of the substance. Although the State offered no empirical evidence of the contraband nature of the substance, we must disagree with Defendant's contentions based on controlling jurisprudence from our Supreme Court.
 

 "To survive a motion to dismiss for insufficient evidence, the State must present substantial evidence of all the material elements of the offense charged and that the defendant was the perpetrator of the offense."
 
 State v. Campbell
 
 ,
 
 368 N.C. 83
 
 , 87,
 
 772 S.E.2d 440
 
 , 444 (2015).
 

 Crimes for possession of a controlled substance, such as methamphetamine
 
 [1]
 
 , require proof that (1) the defendant, in fact, possessed a
 
 controlled substance
 
 ; and (2) the defendant
 
 knew
 
 the substance she possessed was a controlled substance.
 
 See
 

 State v. Galaviz-Torres
 
 ,
 
 368 N.C. 44
 
 , 48,
 
 772 S.E.2d 434
 
 , 437 (2015). Regarding the proof sufficient to establish the presence of the first element, our Supreme Court has held that "some form of scientifically valid chemical analysis is required" unless "the State establishes before the trial court that another method of identification is sufficient to establish
 
 the identity
 
 of the controlled substance beyond a reasonable doubt[.]"
 
 State v. Ward
 
 ,
 
 364 N.C. 133
 
 , 147,
 
 694 S.E.2d 738
 
 , 747 (2010) (emphasis added).
 

 *734
 
 Here, Defendant argues that her alleged admission to the arresting officer may be evidence that she
 
 believed
 
 she was possessing methamphetamine, thus satisfying the second element, but that the State did not present sufficient evidence to prove the first element, that the substance Defendant believed she possessed was, in fact, methamphetamine. The only evidence offered by the State to prove that the substance was, in fact, methamphetamine was (1) the testimony from the arresting officer that Defendant stated that she had "meth" in her bra and (2) an exhibit consisting of the actual "crystal-like" substance retrieved from the bra. Defendant contends that, based on our Supreme Court's 2010 holding in
 
 Ward
 
 , this evidence was not sufficient to prove the first element, that the substance Defendant possessed was
 
 in fact
 
 methamphetamine.
 

 In 2011, the year following
 
 Ward
 
 , our Supreme Court established an exception to the evidentiary rule laid down in its 2010
 
 Ward
 
 decision. Specifically, the Court held that "when
 
 a defense witness's
 
 testimony characterizes a putative controlled substance as a controlled substance, the defendant cannot on appeal escape the consequences of the testimony in arguing that his motion to dismiss should have been allowed."
 
 State v. Nabors
 
 ,
 
 365 N.C. 306
 
 , 313,
 
 718 S.E.2d 623
 
 , 627 (2011) (emphasis added);
 
 see also
 

 State v. Williams
 
 ,
 
 367 N.C. 64
 
 , 69,
 
 744 S.E.2d 125
 
 , 128 (2013) (holding that the defendant's trial testimony which admitted that the substance was cocaine was sufficient to prove the identity of the substance). Defendant argues that
 
 Nabors
 
 does not apply in the present case because Defendant's identification of the substance as methamphetamine was admitted through the testimony elicited by the State from a witness for the State.
 

 We, however, are persuaded by our Supreme Court's opinion in
 
 State v. Ortiz-Zape
 
 ,
 
 367 N.C. 1
 
 ,
 
 743 S.E.2d 156
 
 (2013), decided two years after
 
 Nabors
 
 , in which that Court concluded that the arresting officer's testimony offered without objection during the State's evidence concerning the defendant's
 
 *368
 
 out-of-court statement that (s)he was in possession of an illegal substance was sufficient to meet the State's burden of proof with respect to the first element of the crime of possession. Specifically, the
 
 Ortiz-Zape
 
 case involved a defendant who was arrested for possessing cocaine shortly after he purchased a white powdery substance. At trial, the State offered (1) evidence of a chemical lab analysis which identified the substance as cocaine; (2) the testimony of the arresting officer, who stated on direct examination, without objection, that the defendant had admitted to him that the substance was cocaine, and (3) the testimony of this same arresting officer, both on direct and cross-examination, that the substance appeared to him to be cocaine.
 
 Id.
 
 at 14,
 
 743 S.E.2d at 164-65
 
 .
 
 *735
 
 On appeal to our Supreme Court, the defendant argued that the evidence of the chemical lab analysis was inadmissible because the testifying expert was not the same person who had performed the chemical lab analysis, in violation of the Confrontation Clause.
 
 Id.
 
 at 2,
 
 743 S.E.2d at 157
 
 .
 

 In a 4-2 decision, our Supreme Court upheld the defendant's conviction. Though the Court was divided, all of the justices agreed that the testimony of the arresting officer during the State's direct examination concerning the defendant's out-of-court admission was sufficient to meet the State's burden as to the first element of possession.
 
 [2]
 

 For instance, the majority in
 
 Ortiz-Zape
 
 -in an opinion written by Justice (now Chief Justice) Martin-held that the expert testimony regarding the chemical lab analysis was properly admitted.
 
 Id.
 
 at 13,
 
 743 S.E.2d at 164
 
 . The majority, though, further stated that even if the admission of the expert testimony concerning the chemical lab report was error, the error was harmless beyond a reasonable doubt since other evidence was admitted concerning the identity of the drug in two different forms: (1) the arresting officer's testimony, which was not objected to, regarding defendant's out-of-court admission, and (2) the officer's own opinion concerning the drug's identity
 
 during the defendant's cross-examination
 
 :
 

 Even assuming admission of [the] expert's opinion violated defendant's rights under the Confrontation Clause, the alleged error was harmless, providing a separate, adequate, and independent state law ground for the judgment of the Court. ...
 

 The arresting officer testified that when he found the plastic baggy containing a white substance, he picked it up and asked defendant, "What's this?" The officer further testified that defendant acknowledged it was his cocaine [that he had just purchased]. ... Defense counsel elicited a statement from the arresting officer that the substance
 
 *736
 
 "appears to be powder cocaine."
 
 Under these facts, in which defendant told a law enforcement officer that the substance was cocaine and defense counsel elicited testimony that the substance appeared to be cocaine, any possible error in allowing the expert opinion was harmless.
 

 Id.
 
 at 13-14,
 
 743 S.E.2d at 164-65
 
 (emphasis added).
 
 [3]
 
 In sum, the majority suggests that (1) a defendant's out-of-court admission offered through the testimony of a State's witness (at least where there is no objection lodged) is sufficient to meet the State's burden, (2) an officer's own opinion concerning the substance's identity
 
 elicited by the defendant
 
 on cross-examination is sufficient to meet the State's burden, and (3) both statements, taken together, render any error in admitting the expert testimony concerning
 
 *369
 
 the chemical lab report harmless beyond a reasonable doubt.
 

 Likewise, the dissenting opinion in
 
 Ortiz-Zape
 
 -authored by Justice Hudson-suggests a view that the arresting officer's testimony concerning the defendant's out-of-court admission was sufficient to prove the first element, at least where the defense does not object to such testimony. These justices dissented, though, because they believed that the admission of the chemical lab report testimony was error
 
 and
 
 that the officer's testimony, though sufficient to get to the jury, was not so overwhelming to deem the admission of the chemical lab report harmless beyond a reasonable doubt:
 

 [Without the testimony of the expert witness concerning the chemical lab report,] all that remains is an uncorroborated assertion by an officer on the witness stand that defendant agreed the substance was cocaine. Yet defendant also testified and denied that he had said the substance was cocaine. Here the credibility of all those statements must be weighed by the jury, by contrast to the sufficiency analysis in
 
 Nabors
 
 [where the only issue was whether the evidence was sufficient to go to the jury]. The officer's testimony cannot be considered overwhelming under the constitutional harmless error standard we apply here.
 

 Id.
 
 at 27-28,
 
 743 S.E.2d at 172-73
 
 .
 

 *737
 
 One could argue that the majority's view in
 
 Ortiz-Zape
 
 is mere
 
 dicta
 
 , and is therefore not binding, since the majority expressly held that the chemical lab report testimony was admissible, thus satisfying the standard set forth in
 
 Ward
 
 . However, it could also be argued that the Supreme Court was expressing alternate bases for its holding, one of which being its view that the officer's testimony, alone, also met the State's burden. In either case, we feel it appropriate, as the Court of Appeals, to follow the unanimous sentiment expressed by all the justices in
 
 Ortiz-Zape
 
 just five years ago on the same issue which confronts us today.
 

 We further conclude that Defendant's argument that her admission to the officer that she possessed "meth" was insufficient based on the doctrine of
 
 corpus delicti
 
 lacks merit. The doctrine of
 
 corpus delicti
 
 as it currently stands in North Carolina states that, before considering whether the State has presented sufficient evidence to survive a motion to dismiss, we must ensure that the State has presented evidence to show that the crime in question actually occurred.
 
 State v. Cox
 
 ,
 
 367 N.C. 147
 
 , 152,
 
 749 S.E.2d 271
 
 , 275 (2013). To that effect, "an extrajudicial confession, standing alone, is not sufficient to sustain a conviction of a crime."
 
 Id.
 
 151,
 
 749 S.E.2d at 275
 
 .
 

 To satisfy the
 
 corpus delicti
 
 rule in North Carolina, an extrajudicial confession must be supported by "substantial independent evidence tending to furnish strong corroboration of essential facts contained in defendant's confession so as to establish trustworthiness of the confession."
 
 State v. Trexler
 
 ,
 
 316 N.C. 528
 
 , 531-32,
 
 342 S.E.2d 878
 
 , 880-81 (1986). However, "[t]he [
 
 corpus delicti
 
 ] rule does not require the State to logically exclude every possibility that the defendant did not commit the crime."
 
 Cox
 
 , 367 N.C. at 152,
 
 749 S.E.2d at 275
 
 . The State need only present independent evidence concerning the "body of the crime," such as the body in a homicide case, or the controlled substances themselves in a possession case.
 

 Here, we conclude that the
 
 corpus delicti
 
 rule does not apply because Defendant's out-of-court statement that she possessed "meth" in her bra is corroborated by the physical object of the crime. The police found a crystal-like substance in Defendant's bra and offered the substance as an exhibit at trial. Additionally, police investigation revealed that the individual from whom Defendant admitted to purchasing the substances had been under surveillance for drug-related activity.
 

 We note what seems to be a subtext of Defendant's argument is that the two elements of possession of a controlled substance are being
 
 *738
 
 conflated by our holding here and prior holdings of our courts, such as in
 
 Nabors
 
 ,
 
 Williams
 
 and
 
 Ortiz-Zape
 
 , all cited above. That is, a defendant's statement (whether in court or out of court) as to the identity of a substance in her possession only
 
 *370
 
 tends to prove the second element of the crime of possession, that the defendant
 
 believed
 
 the substance she possessed was a controlled substance; it does not prove that the substance possessed was, in fact, a particular controlled substance. And, so the argument goes, the State should not be able to rely on a defendant's statement to prove the first element, even where its admission was not objected to or is offered by the defendant, since such evidence would generally be admissible anyway to prove the second element, and, therefore, any objection to its admission would properly be overruled.
 

 However, the counterargument is that our Supreme Court's jurisprudence is consistent in instructing that a defendant's admission received into evidence relieves the State of any burden to otherwise provide scientifically reliable evidence because such admission by the defendant or a defense witness is "sufficient to establish
 
 the identity
 
 of the controlled substance beyond a reasonable doubt[.]"
 
 State v. Ward
 
 ,
 
 364 N.C. at 147, 694
 
 ,
 
 694 S.E.2d 738
 
 S.E.2d at747 (emphasis added).
 

 In any case, we must follow our Supreme Court's jurisprudence. In the present case, evidence was admitted that Defendant stated her belief that she possessed "meth" in her bra and that a "meth"-like substance was actually found in her bra and was admitted as an exhibit at trial. Therefore, we conclude that the trial court did not err by allowing the matter to go to the jury.
 

 NO ERROR.
 

 Judges BRYANT and DIETZ concur.
 

 [1]
 

 Methamphetamine is a schedule II controlled substance.
 
 See
 

 N.C. Gen. Stat. § 90-90
 
 (3)(c) (2015).
 

 [2]
 

 Neither the majority nor the dissent state whether the defendant's out-of-court statement to the arresting officer was
 
 competent
 
 to prove the identity of the substance. However, like in the present case, the officer's testimony concerning the defendant's out-of-court statement came in without any objection from the defendant.
 
 See
 
 Transcript of Trial at 223,
 
 Ortiz-Zape
 
 ,
 
 367 N.C. 1
 
 ,
 
 743 S.E.2d 156
 
 . And in determining the
 
 sufficiency
 
 of the State's evidence to get to the jury on an issue, our Supreme Court has instructed that a trial court "must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State[.]"
 
 State v. Rose
 
 ,
 
 339 N.C. 172
 
 , 192,
 
 451 S.E.2d 211
 
 , 223 (1994).
 

 [3]
 

 The Supreme Court so held even though the defendant in that case testified at trial that he never admitted to the arresting officer that the substance was cocaine.
 
 Ortiz-Zape
 
 , 367 N.C. at 28,
 
 743 S.E.2d at 173
 
 .