IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-9-2

Filed: 15 December 2020

Randolph County, No. 14 CRS 55829

STATE OF NORTH CAROLINA

v.

SHELLEY ANNE OSBORNE

On remand by opinion of the North Carolina Supreme Court filed 16 August 2019 in *State v. Osborne*, 372 N.C. 619, 831 S.E.2d 328 (2019), reversing and remanding this Court's decision filed 2 October 2018. Case originally appealed by defendant from judgments entered 21 February 2018 by Judge Edwin G. Wilson Jr. in Randolph County Superior Court. Heard in the Court of Appeals 20 August 2018 and 23 September 2020.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Alesia Balshakova and Assistant Attorney General Kristin J. Uicker, for the State.*
>
> *Meghan Adelle Jones for defendant.*
>
> *Hicks McDonald Noecker LLP, by David W. McDonald, court-assigned amicus curiae.*

DIETZ, Judge.

Under state law, a person suffering a drug overdose "shall not be prosecuted" for certain drug crimes if the evidence of those crimes was obtained because the person sought medical assistance. N.C. Gen. Stat. § 90-96.2(c). The obvious purpose

of this statute is to save lives by encouraging people to call emergency personnel when someone is experiencing a drug overdose.

On remand from the Supreme Court, the central issue in this appeal is whether this statute, which the General Assembly described as an "immunity," is a jurisdictional limit that can be raised at any time, or is a more traditional immunity defense that must be raised and preserved at trial. This is a critical question because Defendant Shelley Anne Osborne never raised this issue, either in the trial court or on appeal. The question is before us solely because a Supreme Court justice, in a concurring opinion in this case, invited this Court to examine it on remand.

As explained below, our State's criminal laws treat immunity from prosecution and subject matter jurisdiction as distinct concepts. Thus, we can interpret an immunity provision as jurisdictional only if the statute's language provides a "clear indication" that it is meant to be jurisdictional. That is not the case with this statute, and we therefore hold that N.C. Gen. Stat. § 90-96.2(c) contains a traditional immunity defense that must be raised by the defendant in the trial court to be preserved for appellate review.

We therefore decline to address this issue because it was not raised and preserved for appellate review. We also find no plain error in the remaining arguments before us on remand.

**Facts and Procedural History**

In late 2014, police responded to a call about a possible overdose in a hotel room. After arriving at the hotel room, officers found Defendant Shelley Anne Osborne in the bathroom. She was unconscious, unresponsive, and turning blue. Osborne regained consciousness after emergency responders arrived and administered an anti-overdose drug. When Osborne regained consciousness, she told an officer that she "had ingested heroin."

The responding officers searched the hotel room and found Osborne's two children, who were around four or five years old. The officers also found multiple syringes, spoons with burn marks and residue on them, and a rock-like substance that appeared to be heroin. An officer conducted a field test on the rock-like substance, which yielded a "bluish color" indicating a "positive reading for heroin."

The State charged Osborne with possession of heroin and two counts of misdemeanor child abuse. At trial, law enforcement officers testified about discovering the rock-like substance; described how it resembled heroin; explained the results of the field test indicating the substance was heroin; and discussed how other objects found in the hotel room, including the syringes and spoons with burn marks, were common paraphernalia used to consume heroin. An officer also performed a field test on the substance seized from the hotel room in open court and displayed the results to the jury. Osborne did not object to any of this evidence.

The jury convicted Osborne on all charges, and the trial court sentenced her to 6 to 17 months in prison for possession of heroin and a consecutive sentence of 60 days for the two counts of misdemeanor child abuse. The trial court suspended both sentences. Osborne appealed.

This Court vacated Osborne's conviction for possession of heroin, reasoning that there was no scientifically valid chemical analysis or other sufficient testimony to establish that the alleged unlawful substance was heroin. *State v. Osborne*, 261 N.C. App. 710, 715, 821 S.E.2d 268, 272 (2018), *rev'd and remanded*, 372 N.C. 619, 831 S.E.2d 328 (2019).

The Supreme Court took the case on discretionary review, reversed this Court's holding with respect to the sufficiency of the evidence, and remanded with instructions to consider Osborne's plain error evidentiary challenge, which was mooted by this Court's prior opinion. *State v. Osborne*, 372 N.C. 619, 632, 831 S.E.2d 328, 337 (2019).

At oral argument and in a concurring opinion, Justice Earls discussed a state statute, N.C. Gen. Stat. § 90-96.2, that provides "limited immunity" for certain crimes connected to a drug overdose. Justice Earls invited this Court to "also address on remand the question of the application of N.C.G.S. § 90-96.2 to this case" including "whether the Good Samaritan/Naloxone Law is a limit on the court's jurisdiction to prosecute the defendant in this case" or, "if not purely jurisdictional, whether it is an

issue that can be waived." *Id.* at 633, 636, 831 S.E.2d at 338–339 (Earls, J., concurring).

On remand to this Court, we ordered supplemental briefing from the parties on the issue identified in the concurring opinion from the Supreme Court. Osborne's counsel filed a notice "respectfully declining to submit supplemental briefing." Counsel explained that a "lien will be entered" against Osborne for the attorneys' fees and expenses of court-appointed counsel "because our Supreme Court denied her the highest relief sought on appeal." Thus, counsel explained, Osborne "has not given the undersigned authorization" to file a supplemental brief which would result in additional attorneys' fees and expenses from counsel.

In response, this Court appointed David W. McDonald as court-assigned amicus curiae to address the issues identified in the supplemental briefing order from Osborne's perspective.

## **Analysis**

### I.    **Statutory immunity under N.C. Gen. Stat. § 90-96.2**

We first address the statutory immunity issue raised by the concurring opinion from the Supreme Court. At the time of Osborne's trial, N.C. Gen. Stat. § 90-96.2(c) provided that any "person who experiences a drug-related overdose and is in need of medical assistance shall not be prosecuted" for felony possession of less than one gram

of heroin if the evidence for the prosecution "was obtained as a result of the drug-related overdose and need for medical assistance." *Id.* (amended 2015).

The threshold question for this Court is whether we may consider this issue at all. Osborne never raised the issue—not in the trial court and not on appeal. The issue arose, for the first time, in questions from a justice at the oral argument in the Supreme Court.

Ordinarily, "to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion." N.C. R. App. P. 10(a)(1). Issues not raised in the trial court are waived on appeal. *State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600 (2003).

But this waiver rule does not apply to defects in the trial court's subject matter jurisdiction because subject matter jurisdiction "cannot be conferred by consent or waiver." *State v. Mauck*, 204 N.C. App. 583, 586, 694 S.E.2d 481, 483 (2010). As a result, an "issue of subject matter jurisdiction may be raised at any time, and may be raised for the first time on appeal." *State v. Frink*, 177 N.C. App. 144, 147, 627 S.E.2d 472, 473 (2006). The interaction of these two contrasting preservation rules means that our ability to consider this statutory immunity argument turns on whether it impacts the trial court's subject matter jurisdiction.

We hold that it does not. "The extent, if any, to which a particular statutory provision creates a jurisdictional requirement hinges upon the meaning of the

relevant statutory provisions." *State v. Brice*, 370 N.C. 244, 251, 806 S.E.2d 32, 37 (2017). In interpreting a statute, our task "is to determine the meaning that the legislature intended upon the statute's enactment. The intent of the General Assembly may be found first from the plain language of the statute, then from the legislative history, the spirit of the act and what the act seeks to accomplish." *State v. Rieger*, 267 N.C. App. 647, 649, 833 S.E.2d 699, 700–01 (2019) (citation omitted).

We begin with the statute's plain language. The relevant provision is contained in a statute entitled "Drug-related overdose treatment; limited immunity." The relevant provision then describes how, if certain conditions are met, a person experiencing an overdose "shall not be prosecuted" based on evidence obtained when emergency personnel respond to provide medical assistance. N.C. Gen. Stat. § 90-96.2.

This statutory language indicates Section 90-96.2(c) creates an immunity from prosecution. This type of immunity, to be fair, is stronger than a typical affirmative defense. Immunities are not mere bars to conviction or judgment; they are protections against being charged or haled into court at all. *See generally Ballard v. Shelley*, 257 N.C. App. 561, 564, 811 S.E.2d 603, 605 (2018). Even so, immunities are not ordinarily treated as matters of subject matter jurisdiction; immunities generally are waived if not asserted and cannot be raised for the first time on appeal. *See, e.g.*, *Lambert v. Town of Sylva*, 259 N.C. App. 294, 301, 816 S.E.2d 187, 193 (2018); *Nw.*

*Fin. Grp., Inc. v. Cty. of Gaston*, 110 N.C. App. 531, 534, 430 S.E.2d 689, 691 (1993).

But the use of the phrase "immunity" in Section 90-96.2(c) is not determinative. The General Assembly is "free to attach the conditions that go with the jurisdictional label" to something that typically is not jurisdictional. *Tillett v. Town of Kill Devil Hills*, 257 N.C. App. 223, 225, 809 S.E.2d 145, 148 (2017). This means the General Assembly could label a provision an "immunity" but have that provision deprive trial courts of subject matter jurisdiction. For this to occur, there must be a "clear indication that the provision was meant to carry jurisdictional consequences." *Id.*

Here, that is not the case. Nothing in N.C. Gen. Stat. § 90-96.2(c) contains a clear indication that it must be jurisdictional. The statute "uses the term 'shall not' which is mandatory, not permissive." *State v. Osborne*, 372 N.C. 619, 636, 831 S.E.2d 328, 339 (2019) (Earls, J., concurring). But our Supreme Court has acknowledged that statutory provisions often "are couched in mandatory terms" but "that fact, standing alone, does not make them jurisdictional in nature." *Brice*, 370 N.C. at 253, 806 S.E.2d at 38. Moreover, other portions of our State's criminal statutes, applicable in this case, distinguish between immunities and jurisdictional arguments. For example, under N.C. Gen. Stat. § 15A-954, there are separate categories describing how to move to dismiss when the "defendant has been granted immunity by law from prosecution" and when the "court has no jurisdiction of the offense charged." *Id.*

§ 15A-954(a)(8), (9). Again, this demonstrates that the General Assembly views immunities and subject matter jurisdiction as distinct legal concepts. When drafting N.C. Gen. Stat. § 90-96.2(c), the legislature could have included language signaling that this provision was different from other immunities and should be treated as jurisdictional. It did not do so.

In sum, we hold that N.C. Gen. Stat. § 90-96.2(c) does not contain a clear indication that it is a jurisdictional requirement, and we therefore treat the provision as one granting traditional immunity from prosecution. This type of immunity must be asserted as a defense by the defendant in the trial court proceeding. *State v. Rankin*, 371 N.C. 885, 889, 821 S.E.2d 787, 792 (2018). The failure to raise the issue waives it and precludes further review on appeal. *Haselden*, 357 N.C. at 10, 577 S.E.2d at 600.

Applying these principles, we hold that Osborne waived any arguments concerning immunity from prosecution under N.C. Gen. Stat. § 90-96.2(c) by failing to raise the argument in the trial court. We thank the court-assigned amicus curiae for the well-reasoned supplemental briefing and thoughtful arguments to this Court, but we ultimately conclude that the arguments raised by the amicus cannot be considered by this Court on direct appeal. Osborne must raise those arguments, if at all, through a motion for appropriate relief in the trial court asserting ineffective assistance of counsel.

## II.     Plain error challenge to drug identification

We next address Osborne's remaining argument from her initial appellate brief. Osborne argues that the trial court committed plain error by admitting the results of field tests conducted on the alleged heroin found at the crime scene and by admitting the lay testimony of officers explaining that the substance resembled heroin.

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). Our Supreme Court has emphasized that we should invoke the plain error doctrine "cautiously and only in the exceptional case" where the consequences of the error seriously affect "the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted).

Here, law enforcement officers responded to a call about a possible overdose in a hotel room and found Osborne unconscious. When Osborne regained consciousness, she told the officers that she had used heroin. Officers found a rock-like substance resembling heroin in the hotel room. They also found drug paraphernalia, such as syringes and spoons with burn marks and residue, that are used for consuming heroin. To be sure, much of the State's evidence identifying that rock-like substance as heroin, such as the field test results, might have been excluded had Osborne objected. But she did not object. And, as explained above, the State had compelling

evidence that the substance was heroin even setting aside the challenged evidence. Indeed, our Supreme Court described the record in this case as containing "ample evidence tending to show that the substance that defendant allegedly possessed was heroin." *Osborne*, 372 N.C. at 631, 831 S.E.2d at 337. In sum, the trial court's decision not to intervene, on the court's own initiative, to exclude some of this evidence, when there was "ample" evidence that the substance was heroin, is simply not the sort of fundamental error that calls into question the "fairness, integrity or public reputation of judicial proceedings." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (citation omitted). Accordingly, we find no plain error in the trial court's judgment.

## Conclusion

We find no plain error in the trial court's judgment.

NO PLAIN ERROR.

Chief Judge McGEE and Judge HAMPSON concur.